UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

| | | |
|---|---|---|
| In Re: | ) | BK No.: 13-26875 |
| | ) | |
| MARY SOPCIC, | ) | Chapter: 11 |
| | ) | Honorable Eugene R. Wedoff |
| | ) | |
| | ) | |
| Debtor(s) | ) | |

**INTERIM AND PROPOSED FINAL ORDER PURSUANT TO SECTIONS 105(a) AND 366 OF THE BANKRUPTCY CODE (I) PROHIBITING UTILITY PROVIDERS FROM ALTERING, REFUSING, OR DISCONTINUING UTILITY SERVICES, (II) DEEMING UTILITY PROVIDERS ADEQUATELY ASSURED OF FUTURE PERFORMANCE, AND (III) ESTABLISHING PROCEDURES FOR DETERMINING ADEQUATE ASSURANCE OF PAYMENT**

This matter coming before the Court on the Motion For An Interim Order And A Final Order Pursuant To Sections 105(A) And 366 Of The Bankruptcy Code (I) Prohibiting Utility Providers From Altering, Refusing, Or Discontinuing Utility Services, (II) Deeming Utility Providers Adequately Assured Of Future Performance, And (III) Establishing Procedures For Determining Adequate Assurance Of Payment (the "Motion"), filed by the debtor in the above-captioned case (the "Debtor"); the Court having reviewed the Motion and all pleadings related thereto, and having considered the statements of counsel and the evidence adduced with respect to the Motion at a hearing before the Court (the "Hearing"); the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and (c) notice of the Motion and the Hearing was sufficient under the circumstances; it appearing that the relief requested in the Motion is in the best interests of the Debtor's estate, her creditors and other parties in interest; the Court finding that, absent the relief granted herein, the Debtor would suffer "immediate and irreparable harm," as such term is used in Bankruptcy Rule 6003; and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED, pursuant to sections 105(a) and 366 of the Bankruptcy Code.

2. The Debtor is authorized, but not directed, to pay on a timely basis and in accordance with her prepetition practices, all undisputed invoices for postpetition Utility Services provided by the Utility Providers.

3. The Debtor shall, within seven (7) days after entry hereof, deposit a sum equal to fifty percent (50%) of the Debtor's estimated average monthly cost of Utility Services (the "Adequate Assurance Deposit") into an interest-bearing, newly-created, segregated account (the "Adequate Assurance Account"), pending further order of the Court, for the purpose of providing each Utility Provider adequate assurance of payment of its postpetition Utility Services to the Debtor. Through the date that the Final Order approving the Motion is entered, the Adequate Assurance Account shall be maintained with a minimum balance equal to fifty percent (50%) of the Debtor's estimated average monthly cost of Utility Services. The Debtor shall maintain the Adequate Assurance Account consistent with the terms

Rev: 20130104_bko

of the Final Order until the earliest of (a) effectiveness of any plan of reorganization confirmed in these cases and (b) any further order of this court excusing the maintenance of such Adequate Assurance Account.

4. Except in accordance with the procedures set forth herein and absent further order from this Court, all Utility Providers are (i) prohibited from altering, refusing, or discontinuing Utility Services to, or discriminating against, the Debtor on account of the commencement of these chapter 11 cases or any unpaid prepetition charges; and (ii) deemed to have received adequate assurance of payment in compliance with section 366 of the Bankruptcy Code.

5. The Court approves and adopts the following Adequate Assurance Procedures:

   a. The Debtor will serve a copy of the Motion, together with any interim or final utility order entered by the Court, on each Utility Provider within three (3) business days after entry of this Interim Order by the Court. The Debtor may amend and supplement Exhibit A if any Utility Provider has been omitted inadvertently, in which event the Debtor shall serve the Motion, and any interim or final order approving the Motion, on such Utility Provider subsequently added to Exhibit A (an "Omitted Utility Provider") immediately upon the Debtor's filing of an amended or supplemented Exhibit A.

   b. If a Utility Provider is not satisfied with the Adequate Assurance Deposit provided by the Debtor, the Utility Provider must serve a request for additional adequate assurance (the "Additional Assurance Request") so that it is received by the Debtor's counsel, within twenty (20) days after the date on which the Debtor first served the Adequate Assurance Procedures on the Utility Provider, or Omitted Utility Provider at the following addresses: Neal, Gerber & Eisenberg LLP, Two North LaSalle Street, Suite 1700, Chicago, IL 60602, Attn: Thomas C. Wolford and Lawrence M. Benjamin.

   c. Any Additional Assurance Request must (i) be in writing; (ii) set forth the location(s) for which Utility Services are provided; (iii) include a summary of the Debtor's payment history relevant to the affected account(s), including any security deposits; and (iv) set forth why the Utility Provider believes that the Proposed Adequate Assurance is not adequate assurance of future payment.

   d. Without further order of the Court, the Debtor may enter into agreements granting additional adequate assurance to a Utility Provider serving an Additional Assurance Request, if the Debtor, in her discretion, determines that the Additional Assurance Request is reasonable.

   e. If the Debtor determines that the Additional Assurance Request is not reasonable and is not able to reach an alternative resolution with the Utility Provider within ten (10) days after receiving such Additional Assurance Request, the Utility Provider or the Debtor may request a hearing before this Court to determine the adequacy of assurance of payment with respect to a particular Utility Provider pursuant to section 366(c)(3) of the Bankruptcy Code (a "Determination Hearing").

   f. Pending resolution of such dispute at the Determination Hearing, the relevant Utility

Provider shall be restrained from altering, refusing, or discontinuing service to the Debtor on account of unpaid charges for prepetition services or on account of any objections to the Proposed Adequate Assurance.

g. The Adequate Assurance Deposit shall be deemed adequate assurance of payment for any Utility Provider that fails to make a timely Additional Assurance Request.

6. Nothing in this Interim Order or the Motion shall be deemed to constitute postpetition assumption or adoption of any agreement pursuant to section 365 of the Bankruptcy Code.

7. A final hearing, if required, on the Motion will be held on August 7, 2013, at 10:00 a.m. The deadline by which any objection to the Motion must be filed and served on counsel to the Debtor is August 5, 2013, at 4:00 p.m. (prevailing Central Time) (the "Objection Deadline").

8. Utility Providers that do not timely object to the Adequate Assurance Procedures are deemed to consent to the Adequate Assurance Procedures and shall be bound thereby.

9. This Interim Order shall be deemed a Final Order with respect to any Utility Provider that does not either (i) serve an Additional Assurance Request in accordance with the Adequate Assurance Procedures or (ii) file an objection to the Motion on or before the Objection Deadline.

10. The terms and conditions of this Interim Order are final and shall be effective and enforceable immediately upon its entry.

11. The Debtor is authorized and empowered to take all actions necessary to implement the relief granted in this Order.

12. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Interim Order.

Enter:

United States Bankruptcy Judge

Dated: 7/24/13

**Prepared by:**
Thomas C. Wolford (ARDC #06194526)
Lawrence M. Benjamin (ARDC #06196417)
Two North LaSalle Street, Suite 1700
Chicago, IL 60602-3801
Telephone: (312) 269-8000
Facsimile: (312) 269-1747

Rev: 20130104_bko