**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| MARY SOPCIC, | Case No. 13-26875 (ERW) |
| Debtor. | **Hearing Date: April 30, 2014 at 9:30 a.m.** |

## NOTICE OF MOTION

**PLEASE TAKE NOTICE** that on **Wednesday, April 30, 2014 at 9:30 a.m.**, or as soon thereafter as counsel may be heard, we will appear before the Honorable Eugene R. Wedoff, United States Bankruptcy Judge, in Courtroom 744 of the Everett McKinley Dirksen Federal Building, 219 South Dearborn Street, Chicago, Illinois, and shall then and there present the attached *Motion Of Reorganized Debtor For Entry Of Final Decree*, a copy of which is hereby served upon you.

| | |
|---|---|
| Dated: Chicago Illinois<br>April 23, 2014 | Respectfully submitted,<br><br>*/s/ Thomas C. Wolford*<br><br>Thomas C. Wolford (ARDC #06194526)<br>Lawrence M. Benjamin (ARDC #6196417)<br>**NEAL, GERBER & EISENBERG LLP**<br>Two North LaSalle Street, Suite 1700<br>Chicago, IL 60602-3801<br>Telephone: (312) 269-8000<br>Facsimile: (312) 269-1747<br><br>*Attorneys for Reorganized Debtor* |

NGEDOCS: 2166316.2

## CERTIFICATE OF SERVICE

Thomas C. Wolford, an attorney, certifies that on April 23, 2014, he caused the foregoing *Motion Of Reorganized Debtor For Entry Of Final Decree* to be filed electronically. Notice of this filing was sent by operation of the Court's electronic filing system to the following parties:

| | |
|---|---|
| Lawrence M. Benjamin<br>lbenjamin@ngelaw.com | Thomas C. Wolford<br>twolford@ngelaw.com |
| Patrick S. Layng<br>USTPRegion11.ES.ECF@usdoj.gov | Devon J. Eggert<br>deggert@freeborn.com |
| Matthew Johns<br>mjohns@thompsoncoburn.com | Todd Rowden<br>trowden@thompsoncoburn.com |
| Thomas M. Lombardo<br>tlombardo@ginsbergjacobs.com | Keara Roethke<br>kroethke@ginsbergjacobs.com |
| Julia Jensen Smolka<br>jjensen@dimonteandlizak.com | Francis X. Buckley, Jr.<br>fxbuckleyjr@thompsoncoburn.com |
| Kenneth W. Bach<br>kennethb@johnsonblumberg.com | Steven R. Rappin<br>dolswang@hrolaw.com |
| Abraham Brustein<br>abrustein@dimonteandlizak.com | Mark E. Leipold<br>mleipold@gouldratner.com |
| Kenneth W. Bach<br>kennethb@johnsonblumberg.com | Joel A. Stein<br>joelastein@dlec.com |
| Phillip W. Nelson<br>pnelson@edwardswildman.com | |

I further certify that on April 23, 2014, I caused the *Motion Of Reorganized Debtor For Entry Of Final Decree* to be served via U.S. Mail delivery on the parties listed below.

| | |
|---|---|
| Community Investment Corporation<br>c/o Steve R. Rappin<br>Hauselman, Rappin & Olswang, Ltd<br>39 S. LaSalle Street, Suite 1105<br>Chicago, IL  60603-1720 | All Types Elevator<br>11105 S. Nashville Rd<br>Worth, IL 60482-1951 |

Chase Bank
P.O. Box 15153
Wilmington DE 19886-5153

American Express Bank, FSB
c/o Becket and Lee LLP
POB 3001
Malvern, PA  19355-0701

Chicago Title Land Trust
10 S. LaSalle St. Suite 2750
Chicago, IL 60603-1108

Richard Sala
a/k/a as Ryszard Sala
1146 W. Columbia 3F
Chicago, Il 60626-4557

City of Chicago Department of Finance
Bureau of Water Billing, Noticing
  and Customer Service
333 South State Street - Suite 330
Chicago, Illinois - IL 60604-3965

Bank of America
P.O. Box 982235
El Paso, TX 79998

Dimensions SCS, Inc.
1950 Cherry Lane, #116
Northbrook, IL 60062

JEM Mechanical
1084 Florida Lane
Elk Grove Village, IL 60007-2959

Northbrook Bank & Trust Company
c/o Matthew S. Johns, Todd A. Rowden,
and Francis X. Buckley
Thompson Coburn LLP
55 E. Monroe Street, 37th Floor
Chicago, IL 60603-6029

MSK North Kenmore LLC
c/o Thomas M. Lombardo, Keara Roethke
Ginsberg Jacobs LLC
300 S. Wacker, Suite 2750
Chicago, Illinois 60606-6782

Mike Braun & Associates
33 N Dearborn St.
Chicago, Il 60602-3102

Tobiasz Mechanical
1427 W. Juneway Terrace
Chicago, IL 60626-1200

RF Glenview LLC
c/o Abraham Brustein, Julia Jensen Smolka
DiMonte & Lizak LLC
216 W. Higgins Rd.
Park Ridge, IL 60068-5706

Associated Bank, National Association
Thomas P. Duffy
Phillip W. Nelson
Edwards Wildman Palmer LLP
225 W. Wacker Drive
Chicago, IL  60606-1224

Oxford Bank & Trust
Michael J. Scotti, III
Devon J. Eggert
c/o Freeborn & Peters LLP
311 South Wacker Drive, Suite 3000
Chicago, Illinois 60606-6683

Peoples Gas
130 E. Randolph Drive
Chicago, IL 60601-6203

Sala Electric
1146 W. Columbia 3E
Chicago, IL 60626-5774

Rogers Law Group
2275 Half Day Rd
Bannockburn, IL 60015-1217

NGEDOCS: 2166316.2                               3

IDM Services
2400 W. Madison 1A
Chicago, IL 60612

IDM Constructors
2400 W. Madison 1A
Chicago, IL 60612

Kellie Germond (Glenview)
4925 Bonito Dr.
New Port Richey, FL 34652-4408

BAC Home Loans
PO BOX 5170
Sumi Valley, CA 93062

Bank of America, N.A.
c/o Kenneth W. Bach
Johnson, Blumberg, & Associates, LLC
230 W. Monroe St., Suite 1125
Chicago, IL 60606-4723

John and Milena Sopcic
3457 Crain
Skokie, IL 60076

Mark E. Leipold
Gould & Ratner
222 N. LaSalle Street
Chicago, IL 60601

U.S. Bankruptcy Court
Eastern Division
219 S. Dearborn
7th Floor
Chicago, IL 60604-1702

2x10 Nail Salon
1107 Waukegan Rd., Unit A
Glenview, IL 60025-3000

1123 W. Northshore LLC
1427 W. Joneway Terrace
Chicago, IL 60626-1200

5129 S. Harper LLC
2400 W. Madison, #1A
Chicago, IL 60612-2179

77th & Stewart LLC
2400 W. Madison, #1A
Chicago, IL 60612-2179

922 W. Eastwood LLC
2400 W. Madison, #1A
Chicago, IL 60612-2179

Carmen Espinal Costales
2829 W. Chase
Chicago, IL 60645

North Community Bank
Joel A. Stein
Deutsch, Levy & Engel
225 West Washington Street
Chicago, Illinois 60606-3482

Illinois Department of Revenue
Bankruptcy Section – Level 7-425
100 West Randolph
Chicago, IL 60601

Broadmoor Parners LLC
2400 W. Madison, #1A
Chicago, IL 60612-2179

Tugomir Rados & Ljubica Rados
5620 N. Kenmore
Chicago, IL 60660-4634

Patrick S Layng
Office of the U.S. Trustee, Region 11
219 S Dearborn St., Room 873
Chicago, IL 60604-2027

Kenneth Roberts
6312 N. Pulaski
Chicago, IL 60646-4512

Cook County
P.O. Box 805438
Chicago, IL 60680-4116

Cook County Treasurer
118 N. Clark, Ste 112
Chicago, IL 60602-1590

NGEDOCS: 2166316.2

4

| | |
|---|---|
| Darian Sayfi<br>2400 W. Madison St.<br>Unit 709<br>Chicago, IL 60612-2184 | Dennis Spocic & Lora Sopcic, Jointly<br>7308 N. Lowell<br>Lincolnwood, IL 60712-1926 |
| Department of Treasury Internal<br>  Revenue Service<br>P O Box 7346<br>Philadelphia, PA 19101-7346 | Jacob Pomeranz<br>25 E. Washington St.<br>Suite 1400<br>Chicago, IL 60602-1803 |
| Ljubomir Spocic<br>6312 N. Pulaski Road<br>Chicago, IL 60646-4512 | Lawrence Ordower<br>25 E. Washington St.<br>Suite 1400<br>Chicago, IL 60602-1803 |
| Lawrence Tobiasz<br>and Sharon Kozak Tobiasz<br>1427 W. Juneway Terrace,<br>Chicago IL 60626 | The First Commercial Bank<br>3639 N. Broadway<br>Chicago, IL 60613-4421 |
| Madison Western LLC<br>2400 W. Madison, #1A<br>Chicago, IL 60612-2179 | Michael Grgurich and Kathleen<br>  Gregurich, Jointly<br>1084 Florida Lane<br>Elk Grove Village, IL 60007-2959 |
| Muriz and Dika Hidic<br>1421 W. Howard<br>Evanston, IL 60202-3777 | RBS Citizens, N.A.<br>1215 Superior Avenue<br>Cleveland, OH 44114-3257 |
| PNC Bank<br>P.O. Box 94982<br>Cleveland, OH 44101-4982 | Securities and Exchange Commission<br>Chicago Regional Office<br>175 W. Jackson Blvd., Suite 900<br>Chicago, IL 60604 |
| Mary Sopcic<br>6312 N. Pulaski #1<br>Chicago, IL 60646 | |

By: */s/ Thomas C. Wolford*
   Lawrence M. Benjamin (ARDC #6196417)
   Thomas C. Wolford (ARDC #06194526)
   NEAL, GERBER & EISENBERG LLP
   Two North LaSalle Street, Suite 1700
   Chicago, IL 60602-3801
   Telephone: (312) 269-8000
   Facsimile: (312) 269-1747

NGEDOCS: 2166316.2                    5

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| MARY SOPCIC, | Case No. 13-26875 (ERW) |
| Debtor. | Hearing Date: April 30, 2014 at 9:30 a.m. |

**MOTION OF REORGANIZED
DEBTOR FOR ENTRY OF FINAL DECREE**

Mary Sopcic (the "Debtor") respectfully seeks the entry of a final decree closing her chapter 11 case (the "Chapter 11 Case"), pursuant to sections 105(a) and 350(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3022 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3022-1 of the Local Rules of Bankruptcy Procedure for the United States Bankruptcy Court for the Northern District of Illinois (the "Local Rules"), and a discharge pursuant to section 1141(d)(5) of the Bankruptcy Code. In support of this motion (the "Motion"), the Debtor respectfully represents as follows:

1.  On July 1, 2013 (the "Petition Date"), the Debtor filed a voluntary petition in this Court for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq.

2.  In addition to her residence, the Debtor's primary assets as of the Petition Date consisted of her direct and indirect interests in nine (9) parcels of income-producing real estate, each of which was encumbered by one or more mortgages.

3.  On February 12, 2014, the Debtor filed her Disclosure Statement for the Debtor's First Amended Plan of Reorganization Dated February 10, 2014 [Docket No. 164] (the "Disclosure Statement").

4. On March 4, 2014, the Debtor filed her First Amended Plan of Reorganization Dated February 10, 2014, as Modified March 4, 2014 [Docket No. 214] (as amended, the "Plan").

5. On March 6, 2014, the court entered its Order Approving Disclosure Statement for Debtor's Plan of Reorganization Dated February 10, 2014 and confirming Debtor's Plan of Reorganization Dated February 10, 2014, as Modified March 4, 2014 [Docket No. 227] (the "Confirmation Order").

6. Pursuant to Section 1.15 of the Plan, the Effective Date of the Plan occurred on March 20, 2014, which was the date on which the Confirmation Order confirming the Plan becomes a Final Order.

## RELIEF REQUESTED

7. Section 350(a) of the Bankruptcy Code states that "[a]fter an estate is fully administered and the court has discharged the trustee, the court shall close the case." 11 U.S.C. § 350(a). Bankruptcy Rule 3022 implements the Bankruptcy Code's requirements, providing similarly that, "[a]fter an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case." Fed. R. Bankr. P. 3022.

8. Because the Debtor's estate is fully administered, the Debtor requests entry of a final decree closing the Chapter 11 Case.

## BASIS FOR RELIEF

9. The term "fully administered" is not defined in the Bankruptcy Code or the Bankruptcy Rules, but the Advisory Committee Note to Bankruptcy Rule 3022 sets forth a nonexclusive list of factors to be considered to determine whether a case has been fully administered, including whether:

      (i)      the order confirming the plan has become final;

      (ii)     deposits required by the plan have been distributed;

      (iii)    the property proposed by the plan to be transferred has been transferred;

      (iv)    the debtor or the successor to the debtor under the plan has assumed the business or the management of the property dealt with by the plan;

      (v)     payments under the plan have commenced; and

      (vi)    all motions, contested matters, and adversary proceedings have been finally resolved.

10.     Various courts have viewed these factors as a guide for determining whether a case should be closed. *See, e.g., In re Gates Cmty. Chapel of Rochester, Inc.*, 212 B.R. 220, 223-24 (Bankr. W.D.NY 1997) (closing case upon finding that case had been fully administered according to Advisory Committee Note factors); *In re Jay Bee Enters., Inc.*, 207 B.R. 536, 538-39 (Bankr. E.D. Ky. 1997) (same). In addition to the factors set forth above, courts also have considered whether the plan of reorganization has been substantially consummated. *See Walnut Assocs. v. Saidel*, 164 B.R. 487, 493 (E.D. Pa. 1994) (considering substantial consummation as a factor); *Gates Cmty. Chapel*, 212 B.R. at 224 (same). Finally, other bankruptcy courts have further noted that entry of a final decree is appropriate to stop the accrual of section 1930(a)(6) fees. *See In re Jr. Food Mart of Ark., Inc.,* 201 B.R. 522, 524, 526 (Bankr. E.D. Ark. 1996) (closing case so "that no further [section 1930(a)(6)] fees accrue"); *Jay Bee*, 207 B.R. at 539 (concluding that "it seems appropriate to close this case to stop the financial drain on the debtor" on account of the continuing accrual of section 1930(a)(6) fees and also noting that there is "no provision of law that prevents closing a chapter 11 case before payment of the [section 1930(a)(6)] fees in question").

11.     Although the factors set forth above are important, courts have reaffirmed the view that "these factors are but a guide in determining whether a case has been fully

administered, and not all factors need to be present before the case is closed." *In re SLI, Inc.*, Case No. 02-12608, 2005 WL 1668396, *2 (Bankr. D, Del. June 24, 2005); *see also In re Mold Makers, Inc.*, 124 B.R. 766, 768 (Bankr. ND Ill 1990) ("The Court finds the Committee Note to the new rule illuminative and essentially adopts its language.  Noteworthy, however, is that all of the factors in the Committee Note need not be present before the Court will enter a final decree.").

12.     Bankruptcy courts have also held that a bankruptcy estate is "fully administered" when the Plan has been substantially consummated as defined by section 1101(2) of the Bankruptcy Code. *See In re BankEast Corp.*, 132 B.R. 665, 668 n.3 (Bankr. D.N.H. 1991).  To determine whether a bankruptcy estate is substantially consummated for the purposes of entering a final decree, a court may apply the requirements established by 11 U.S.C. § 1101(2) to the case sought to be closed. *See Walnut Assocs.*, 164 B.R. at 492.  Section 1101(2) defines substantial consummation as follows:

> (a)    transfer of all or substantially all of the property proposed by the plan to be transferred;
>
> (b)    assumption by the debtor or by the successor to the debtor under the plan of the business or of management of all or substantially all of the property dealt with by the plan; and
>
> (c)    commencement of distributions under the plan.

11 U.S.C. § 1101(2); *see also In re JMP-Newcor Int'l, Inc.*, 225 B.R. 462, 465 (Bankr. N.D. Ill. 1998) (holding that case was "fully administered" notwithstanding fact that certain disbursements remained to be made); *In re Mold Makers, Inc.*, 124 B.R. 766, 768-69 (Bankr. N.D. Ill. 1990) (same); *In re Jordan Mfg. Co., Inc.*, 138 B.R. 30, 35 (Bankr. C.D. Ill. 1992) (holding that a court should not delay entry of final decree simply because all payments under the plan have yet to be made).

13. Local Rule 3022-1 requires that the party moving to close the case shall state with the notice or motion the actual status of payments due to each class under the confirmed plan. To that end, the distributions contemplated by or described in the Plan have been completed as follows:

| Class | Treatment | Status of Payments/Date(s) of Distribution |
|---|---|---|
| Class 1: BAC Home Loans Secured Claim | Unimpaired | Payments will be made pursuant to existing terms. |
| Class 2: PNC Bank Secured Claim | Unimpaired | Payments will be made pursuant to existing terms. |
| Class 3: MSK 1 Secured Claim | Impaired | Claim fully satisfied on March 31, 2014 pursuant to terms of the Plan. |
| Class 4: MSK Secured Claim | Impaired | Claim fully satisfied on March 31, 2014 pursuant to terms of the Plan. |
| Class 5: RBS Unsecured Claim | Unimpaired | Claim paid by non-debtor in full satisfaction of amount owed on or about February 18, 2014. |
| Class 6: City of Chicago Claims | Unimpaired | N/A |
| Class 7: North Community Bank Unsecured Claim | Unimpaired | Payments will be made pursuant to existing terms. |
| Class 8: Associated Bank Secured Claim | Impaired | Payments will be made pursuant to existing terms. Impairment under the Plan does not affect payment terms. |
| Class 9: City of Chicago Secured Claims (6000 Kenmore) | Unimpaired | Payments will be made pursuant to existing terms. |
| Class 10: City of Chicago Secured Claims (6006 Kenmore) | Unimpaired | Payments will be made pursuant to existing terms. |

| Class | Treatment | Status of Payments/Date(s) of Distribution |
|---|---|---|
| Class 11: RF Glenview Secured Claim | Impaired | Claim fully satisfied on March 12, 2014 pursuant to terms of the Plan and order approving settlement with RF Glenview LLC. |
| Class 12: General Unsecured Claims | Impaired | Initial distribution to Class 12 of pro rata shares of approximately $37,000 (which exceeds amount which would be paid on account of such claims had Debtor's estate been liquidated in Chapter 7) paid on or before April 23, 2014. Pursuant to section 4.6 of the Plan, the balance of approximately $63,000 shall be paid in three equal installments, each paid nine months after the previous installment. |
| Class 13: Northbrook Secured Claim | Impaired | Claim was paid on March 7, 2014 pursuant to the terms of the Plan and Northbrook Settlement Agreement. |
| Class 14: Oxford Bank Unsecured Claim | Impaired | Payments being made by Madison Western LLC pursuant to terms described in Disclosure Statement. Impairment of terms under Debtor's Guaranty does not directly affect payment terms. |
| Class 15: CIC Unsecured Claim | Unimpaired | Claim paid by non-debtor in full satisfaction of amount owed on or about February 18, 2014 |
| Class 16: Cook County Treasurer Secured Claim | Unimpaired | Claim will be satisfied by RF Glenview LLC or its nominee pursuant to the Restructuring Support Agreement attached as Exhibit F to the Disclosure Statement. |
| Class 17: Interest of the Debtor | Impaired | N/A |

14.     In this case, the Confirmation Order has become a final order. The transfers to MSK, MSK 1, RF Glenview and the Class 12 creditors on the Effective Date have been made. All claims objections have been resolved. Accordingly, the estate of the Debtor has been "fully administered," and the Chapter 11 Case should be closed, as provided by the express language of section 350(a) of the Bankruptcy Code.

## **NOTICE**

15. Notice of this Motion, has been given to (a) the Office of the United States Trustee for the Northern District of Illinois, (b) counsel to the Debtor's secured lenders, and (c) all creditors. In light of the nature of the relief requested herein, the Debtor submits that no further notice of the Motion is necessary or required.

16. No previous request for the relief requested herein has been made to this or any other court.

WHEREFORE, the Debtor respectfully requests that this Court (a) enter a final decree, substantially in the form attached hereto, closing the Chapter 11 Case; and (b) grant such other and further relief as is necessary and proper.

Dated: Chicago, Illinois  
      April 23, 2014

Respectfully submitted,

  /s/ *Thomas C. Wolford*  
NEAL, GERBER & EISENBERG LLP  
Thomas C. Wolford (ARDC #06194526)  
Lawrence M. Benjamin (ARDC #6196417)  
Two North LaSalle Street, Suite 1700  
Chicago, IL  60602-3801  
Telephone: (312) 269-8000  
Facsimile: (312) 269-1747

ATTORNEYS FOR REORGANIZED DEBTOR